**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE: JOHN SALOV,

       Debtor.

Case No.:  8:13-bk-01017-CPM
Chapter 7

_____

CLARA R. ADAMS, RONALD ABDELLA, ROBERT BEESON, KENNETH DEBORD, JEANETTE DEBORD, GERALD GILLIKIN, MARY K. HALL, GERALD KNOLL, DELORES KOPPI, KURT KOPPI, , THOMAS MOGG, JOHN RAUCH, GWEN RAUCH, RONALD REVARD, KURT SCHWANNECKE, ELIZABETH SCHWANNECKE, SABRINA SCHWERIN, WALTER SCHWERIN, NOREEN VAN DEN BOOM, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH VAN DEN BOOM, DECEASED, MARY WEISS, ROBERT WINGER, GEORGE ALCOCK, HEDY ALCOCK, KATHERINE ALDRIDGE, LILA ALPIN, CLAUDE BRANNICK, SHARON BRANNICK, JAMES CARRIER, TERESA CHRISTILAW, DOROTHY CLAYPOOL, JO ANNE CRAMPTON, EVELYN CURIE, STEVEN DEDYNE, DOROTHY DEDYNE, RANDY GOODWIN, JARED HUGHES, MARY HUGHES, JOSEPH KARAS, PHYLLIS KARAS, ROBERT KATZ, LISA KIRBY, MARY LAFORET, MICHAEL LITTLEJOHN, BARBARA LITTLEJOHN, DIANE MARBLE, ROSS MAROUCHOC, KATHLEEN MASON, REED OTTENWESS, MICHELLE PLATT, SHERRILL PLATT, JOSEPH QUILLICO, BARRY QUIMPER, MARY QUIMPER, KRISTIN SCHWANNECKE, DEVANDRA SHARMA, BARBARA SHARMA, KATHRYN SMITH, BURRIS SMITH, ESTATE OF WAYNE TAYLOR, DECEASED, CATHERINE TEAL, DANIEL THEMM, JANET THEMM, KENNETH TRAVIS, DALE KRUEGER, JONATHON PACKER, JOANNE LYON, ROGER RIGTERINK, MICHAEL SPEER AND DIANA SPEER

Adv. Proc. No. 8:13-ap-00378-CPM

       Plaintiffs,

v.

JOHN SALOV,

       Defendant.
_____/

**CONSENT JUDGMENT**

THIS PROCEEDING came on for consideration of the parties' agreement to entry of a judgment as set forth herein.  By submission of this Consent Judgment for entry, the submitting counsel represents that the opposing party consents to its entry.  Accordingly, it is

ORDERED that:

1. Discharge of the Debtor's debts owed to the Plaintiffs as stated in the Plaintiffs' Second Amended Complaint (the "Complaint") (Doc. 21), Counts I-LXXXIV is and the same shall be DENIED pursuant to 11 U.S.C. § 523(a)(2)(A).

2. A judgment in the amount of $3,472,170.00 is awarded collectively to the named Plaintiffs in the Complaint, to be allocated among the Plaintiffs pro rata in proportion to the amounts sought as to each Plaintiff in the Second Amended Complaint.

3. Interest has accrued and shall continue to accrue on the judgment amount stated in the preceding paragraph at the federal statutory rate of .11 percent ("federal judgment interest") in accordance with 28 U.S.C. 1961 from the date of the entry of this Consent Judgment until the judgment amount is paid in full.

4. If the judgment of $3,472,170.00 together with federal judgment interest thereupon (collectively the "Judgment Amount") is paid within 24 months of the entry of this Consent Judgment, the Plaintiffs shall file with this Bankruptcy Court a stipulation signed by all parties, or a motion and agreed proposed order, for the entry of an order vacating and setting aside this Consent Judgment.

5. The Judgment Amount is and shall remain non-dischargeable and is subject to collection.  The amount set forth in the Complaint in excess of the Judgment Amount is dischargeable except that the discharge of that excess amount shall not affect the liability of any other entity or person, or the property of any other entity or person, for such debt.   11 U.S.C. § 524(e).

6. The automatic stay which arose upon the Debtor's filing of his Petition in Case No. 8:13-bk-01017-CPM on January 28, 2013 pursuant to 11 U.S.C. § 362(a)(1) is set aside and discontinued with respect to the subject of this Consent Judgment, 11 U.S.C. § 362(c)(2)(C). *provided, however, that the Debtor's property interests, if any, that existed on the date of the petition and were not scheduled remain property of the estate and subject to the automatic stay.*

7. This Consent Judgment shall be and is without prejudice to and shall have no effect upon claims of the instant Plaintiffs and other persons, if any, to be made in any state and/or federal court action or actions (collectively "Other Actions") against Coltrace Communications, Inc., Local HDTV, Inc., Digital TV of Orlando, LLC or any other entities and/or individuals (collectively "Putative Defendants") in regard to the promissory notes, purchases of the 2008 bonds, and other transactions which are the subject of this adversary proceeding as well as all other transactions between one or more of the Putative Defendants and the instant Plaintiffs and/or all other persons whom may be named as Plaintiffs in the Other Actions, subject to the provisions in the immediately following paragraph eight (8), *infra*.

8. The payment of the Judgment Amount, in whole or in part, shall offset and reduce by a corresponding amount of said payment(s) the amounts of the obligations of the obligors (Coltrace Communications, Inc., Local HDTV, Inc. and Digital TV of Orlando, LLC) to the instant Plaintiffs on the 2008 bonds, promissory notes and other transactions which are the subjects of the instant adversary proceeding.

9. This Consent Judgment is a final decree and Order. Fed. R. Bankr. P. 7054(a) and 7058; Fed. R. Civ. P. 54(a) and 58(a) and (b)(2)(B). *By agreement of of the parties,* No costs or attorney fees are allowed to any party. Fed. R. Bankr. P. 7054(b).

DONE and ORDERED in Chambers at Tampa, Florida, on November 26, 2013.

_____
CATHERINE PEEK MCEWEN
United States Bankruptcy Judge

Attorney Michael H. Perry is directed to serve a copy of this order on interested parties and file proof of service within 3 days from entry of the order.